UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN YOUNG,

    Petitioner,        Civil No. 05-CV-71480-DT
                     HONORABLE GEORGE CARAM STEEH
v.                   UNITED STATES DISTRICT JUDGE

JER-ANN SHERRY,

    Respondent,
_____/

## ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL

Before the Court is habeas petitioner Kevin Young's motion for the appointment of counsel to assist him with his petition for writ of habeas corpus filed pursuant to 28 U.S.C § 2254.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have

1

a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F. 3d 332, 333 (10th Cir. 1994). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a five page petition for writ of habeas corpus, in which he raises three claims for relief. Petitioner has also filed a forty two page memorandum of law in support of his petition, in which he has cited to numerous federal and state cases in his petitions. Petitioner has also filed a eight page reply brief to respondent's answer. Petitioner therefore has the means and ability to present his claims to the court. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES** the motion for appointment of counsel without prejudice.  The Court will reconsider petitioner's motion if, following review of the pleadings and the Rule 5 materials, the Court determines that appointment of counsel is necessary.

## ORDER

Based upon the foregoing, the motion for appointment of counsel is **DENIED.**

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 24, 2006, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Case Manager/Deputy Clerk